Filed 5/23/23  P. v. Recla CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBIN RECLA,<br><br>Defendant and Appellant. | F085164<br><br>(Super. Ct. No. 20CR-07378)<br><br>**OPINION** |

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of Merced County.  David W. Moranda, Judge.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*       Before Peña, Acting P. J., Smith, J. and Meehan, J.

Appointed counsel for defendant Robin Recla asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of her right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

In 2018 and 2019, defendant convinced several victims to invest about $300,000 in a restaurant she claimed she was starting in Los Banos. Instead of starting a restaurant, however, she embezzled most of the money. She then filed a fraudulent tax return, failing to claim any of that money as income.

On October 22, 2021, the Merced County District Attorney filed a first amended complaint charging defendant with five counts of grand theft by embezzlement (Pen. Code, §§ 504, 487, subd. (a);[1] counts 1–5) and filing a false or fraudulent income tax return (Rev. & Tax Code, § 19706; count 6). As to counts 1 through 5, the complaint further alleged the crimes constituted aggravated white-collar crimes in which the related crimes caused a loss exceeding $100,000. (§ 186.11, subd. (a)(3)).

On April 26, 2022, defendant filed a motion for pretrial mental health diversion pursuant to section 1001.36. On May 18, 2022, the prosecution filed an opposition. On May 20, 2022, after hearing argument on the motion, the trial court denied the motion.

On May 25, 2022, defendant pled no contest to counts 1 and 6, with a maximum exposure of two years eight months. The remaining counts were dismissed with a *Harvey*[2] waiver.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

On August 17, 2022, the trial court sentenced defendant to the middle term of two years in prison on count 1, plus eight consecutive months on count 6. The court imposed various fines and fees, including over $300,000 in victim restitution.

On October 18, 2022, defendant filed a notice of appeal. The trial court granted her request for a certificate of probable cause.

## **DISCUSSION**

Having undertaken an examination of the entire record, we find no evidence of any arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The judgment is affirmed.